### McCALDIN BROS. CO. v. DONALD S. S. CO. et al.

(District Court, S. D. New York. February 25, 1907.)

ADMIRALTY (§ 61*)—PRACTICE—EXCEPTIONS TO PORTIONS OF ANSWER.

 *Held* that matters in connection with the subject of the libel can, under analogy to the 59th Rule, be properly litigated in one action; but the rule cannot be extended to bring in matters not connected with the original controversy, though arising under the same charter party.

 [Ed. Note.—For other cases, see Admiralty, Cent. Dig. § 497; Dec. Dig. § 61.*]

(Syllabus by the Judge.)

Convers & Kirlin (John M. Woolsey, of counsel), for Donald Steamship Company.

Wheeler, Cortis & Haight, for Atlantic Fruit Company.

ADAMS, District Judge. The McCaldin Brothers Company filed a libel against the Donald Steamship Company to recover for certain services alleged to have been rendered for the latter and at its request in connection with the steamship Athos on the 22nd and 24th of August, 1905. The Donald Company answered the libel and filed a petition to bring in the Atlantic Fruit Company. The petition alleged:

"Sixth: On or about the 22nd day of August, 1905, it was agreed between the Atlantic Fruit Company and the Donald Steamship Company that a tug should attend the steamship Athos which was then lying off the port of New York, to take on board certain stores sent on behalf of the owners and certain laborers sent on behalf of the Atlantic Fruit Company to clean the holds of the Athos. Accordingly, it was arranged by and between the Atlantic Fruit Company, your petitioner, and the McCaldin Brothers Company that the steam lighter Stranahan should be sent down to the Athos with the stores and

laborers above referred to. Accordingly, some thirty men were shipped on board the Stranahan, and her captain, representing the libellant McCaldin Brothers Company, stated that the tug would be alongside the Athos within two or two and a half hours. Owing to the negligence and errors in navigation on the part of the captain of the tug, however, the tug lost its bearings and could not locate the Athos, and eventually, after having searched for her for some time had to come to anchor and remain at anchor over night. The tug started for the Athos at or about four o'clock in the afternoon of the 22nd day of August, 1905, and by reason of the negligence and errors in navigation aforesaid did not arrive at the steamship until about eight o'clock a. m. on the morning of August 23rd. The delay was wholly unnecessary and was due to the negligence and fault of the master of the tug and was not caused by or contributed to in any manner by your petitioner."

Seventh: The services alleged to have been rendered on the 24th day of August by the steam tug William J. McCaldin in towing the Athos from Sandy Hook to New York City were rendered for and on account of the Atlantic Fruit Company, the charterer herein, and under the provisions of the charter party above referred to the cost of such services were to be borne by the Atlantic Fruit Company as charterer."

The answer of the Fruit Company to the petition denied these allegations and alleged:

"Eighth: * * * The respondent alleges that the ends of justice will not be subserved by bringing in this respondent; that there is now pending in the United States District Court for the Southern District of New York an action between the Atlantic Fruit Company and the Donald Steamship Company, wherein the Atlantic Fruit Company is libellant and the Donald Steamship Company is respondent; said action having been brought by the Atlantic Fruit Company to recover from the Donald Steamship Company its damages resulting from the failure of the Donald Steamship Company to maintain the steamship Athos in a seaworthy condition in accordance with the provisions of charter party of November 20th, 1905; that all claims of the Donald Steamship Company against your petitioner arising under said charter party should be properly litigated in said action. * * *

Eleventh: Further answering the petition herein and as a separate and distinct defense and counterclaim hereto, the respondent further alleges that on or about the 20th day of February, 1905, a charter party in writing was entered into between the Donald Steamship Company and this respondent whereby this respondent agreed to let and the Donald Steamship Company agreed to hire the steamship Athos for a period of three years. The said charter contained among others the following clauses:

'* * * And being tight, strong and in every way fitted for the service, having steam winches and donkey boiler, with capacity to run all the steam winches at one and the same time, including necessary dunnage (and with full complement of officers), seamen, engineers and firemen for a vessel of her tonnage, to be employed in carrying lawful merchandise. * * *'

'1. That the owners shall provide and pay for all provisions, wages and consular shipping and discharging fees of captain, officers, engineers and crew; shall pay for the insurance of the vessel, also for all engine room and deck stores, and maintain her in a thoroughly efficient state in hull and machinery for and during the services guaranteeing to maintain the boilers in a condition to bear a working pressure of at least 60 pounds (and this pressure to be carried continuously) during the whole term of this charter, and to victual and provide for all passengers in the best manner according to their class * * *.'

Said charter party is hereby referred to and made a part of this libel.

Twelfth: The respondent is engaged in the business of transporting bananas and other perishable cargoes from the West Indies to ports in the United States and chartered the steamship Athos for such trade; all of which was well known to the Donald Steamship Company at the time the charter party before mentioned was made, and long prior thereto.

Thirteenth: Thereafter and in or about March, 1905, the steamship Athos

was delivered by the Donald Steamship Company to the respondent and entered upon the charter party aforementioned.

The Donald Steamship Company failed to maintain the steamship in a seaworthy condition and to maintain her engines and boilers in a thoroughly efficient or in an efficient state. The respondent protested against the aforesaid failure and requested the Donald Steamship Company to maintain the steamship Athos in accordance with the terms of the charter party aforementioned.

In consequence of the aforesaid failure of the Donald Steamship Company the machinery of the steamship Athos on a voyage which she made from Port Antonio, Jamaica, to New York on or about the 28th day of July, 1905, became completely 'disabled and could not be repaired because of her unseaworthy condition. In consequence of said breakdown the cargo of fruit laden upon said vessel decayed and was rendered valueless to the respondent's damage in the sum of $18,909.98. The breakdown of the steamship was not caused by 'an act of God' or any other exemption within the charter party, but was caused solely by the failure of the Donald Steamship Company to keep the said steamship and her machinery in a proper and thoroughly efficient state. The respondent has performed all of the obligations upon its part to be performed."

The Donald Steamship Company excepted as follows:

"The Donald Steamship Company, respondent and petitioner herein, excepts to the answer of the Atlantic Fruit Company to the petition of the Donald Steamship Company herein for the following reasons and in the following respects.

First: It excepts to that part of the eighth article thereof from the words 'that there is now pending' to the end of the said article, on the grounds that it does not state facts sufficient to constitute a defence in whole or in part to the petition herein.

Second: It excepts to the eleventh, twelfth, and thirteenth articles of the said answer on the ground that they do not state facts sufficient to constitute a defence in whole or in part to the petition herein."

It would seem from the allegations of the libel that the employment of the libellant's steamers was for the account of both the Donald Company and the Fruit Company and the matters in connection with such employment should be litigated in this action.

Anything more than that would go beyond any extension of the analogy of the 59th Rule which has heretofore been made. The issues in these matters are now the subject of another pending litigation between these parties and should be tried out in that action and not confuse those in suit here.

It is urged by the Fruit Company that it claims a larger sum of money from the Donald Company because of matters arising out of the same charter party and should not be compelled to pay the Donald Company money here and then be obliged to take its chance of recovering against it in another action. I fail to see how that affects this controversy. Although arising under the same charter party, it does not follow that they are the same matters in controversy here. We can not go beyond such matters in the present motion. If a judgment should be obtained here against the Fruit Company, it can take some further steps, if necessary, to protect itself by way of staying enforcement pending the determination of the counterclaim.

The exceptions will be sustained.