## THE DIXIE.

(Circuit Court of Appeals, Fifth Circuit.    March 4, 1918.    Rehearing
Denied April 10, 1918.)

### No. 3081.

MARITIME LIENS ⊜⇒64—SUIT TO ENFORCE—SUFFICIENCY OF LIBEL.

A libel alleged that libelant hired or chartered a barge to a contracting company which owned the dredge Dixie, that the Dixie was engaged in dredging a bar in the Mississippi river and depositing the material at a designated place on the shore, that during a part of the time the barge was used to support the pipe which conveyed the dredged material from the Dixie to the shore, and that while being so used the barge was sunk. *Held*, that no facts were alleged which gave libelant a maritime lien on the Dixie for the loss.

Appeal from the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Suit in admiralty by the River Sand & Gravel Company against the steam dredge Dixie; the Board of Commissioners of the Port of New Orleans and others claimants.   Decree for respondents (236 Fed. 607), and libelant appeals.   Affirmed.

John D. Grace, of New Orleans, La. (M. D. Grace, on the brief), for appellant.

James Wilkinson and P. M. Milner, both of New Orleans, La., for appellees.

Before WALKER and BATTS, Circuit Judges, and NEWMAN, District Judge.

WALKER, Circuit Judge. ·This is an appeal from a judgment or decree dismissing a libel in admiralty against the dredge Dixie on an exception thereto by the claimant, based upon the stated ground that:

"Said libel on its face discloses that there is no maritime lien asserted in said libel against the dredge Dixie, which alone could give this court jurisdiction."

The libel discloses the following facts: The Dixie is a steam dredge, owned by the Louisiana Contracting Company, which company was engaged in performing a contract it had entered into with the board of commissioners of the port of New Orleans. Included in the work called for by that contract was the dredging of a bar or shoal in the channel of the Mississippi river opposite a designated site on the New Orleans river front and the placing of the dredged material on that site. The Dixie was used in doing the dredging called for and depositing the dredged material at the place mentioned. The contracting company hired or chartered from the libelant another dredge, called the Katherine, and a barge, called the Texas, and used those vessels in doing part of the work called for by the contract; some of that work, as stated, apparently a different part of it, being done by the Dixie. During part of the time while the Texas was so used, it being

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

in a position between the Dixie and the river bank, the part of the Dixie's dredging machinery which reached to the place where the dredged material was being deposited rested on or was supported by the Texas. While the Texas was hired or chartered as above stated, it was sunk. All that the libel alleges in this connection is the following:

"While said barge was so employed with the Dixie and by her officers and crew, they permitted said vessel to sink; and, although they have promised to make due efforts to recover said barge and make due return thereof, they have neglected to do so."

The libel does not set out the contracts or charters under which the Katherine and the Texas were hired, nor state the substance of the terms or provisions thereof. It does undertake to show what those contracts imported or the legal effect of them. What the libel contains in that regard amounts to statements of legal opinions or conclusions of the pleader, and as such need not be considered. The libel does not allege facts showing that the Katherine or the Texas was hired in behalf, for the use or on the credit of the Dixie, nor that either of them or the use of either of them was furnished to the Dixie. The libel does not show that the sinking of the Texas was due in any degree to a fault or negligence attributable to the Dixie, or to any breach of duty by any of her officers or crew while acting as such.

The contrary not appearing, it may be presumed that the Katherine and the Texas were hired on the credit of the hirer alone, and that the Dixie was not looked to by the libelant as incurring any responsibility to it as a result of the chartering or hiring. We are not of opinion that the libel shows the existence of any liability which is enforceable against the Dixie. It does not show the furnishing of repairs, supplies, or other necessaries to the Dixie in such sort as to give a maritime lien on the vessel under the Act of June 23, 1910, c. 373, § 1, 36 Stat. 604 (7 U. S. Comp. Stat. Ann. § 7783). It does not show the furnishing of anything to the Dixie or on its credit or responsibility. It does not show the commission of a maritime tort for which the Dixie is subject to be libeled. It does not show that the Dixie was made liable in any way as a result of the transactions alleged.

The conclusion is that the libel was properly dismissed. The decree to that effect is affirmed.