**THE TENBERGEN.**

**AMTORG TRADING CORPORATION v. POTTER TRANSP. CO., Inc.**

District Court, E. D. New York.
Nov. 28, 1930.

Foley & Martin, of New York City, for libelant.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City, for the Tenbergen and Furness, Withy & Co., Limited.

Patrick J. Dobson, of New York City, for Potter Transportation Co., Inc.

INCH, District Judge.

Libelant brings this suit in admiralty to enforce an alleged maritime lien against the steamship Tenbergen.

Her owner and claimant, Furness, Withy & Company, Limited, has duly answered and by petition has duly impleaded the Potter Transportation Company, Inc., which company, in turn, has duly filed its answers.

Exceptions were first filed by claimant to the libel on the following grounds: That the

suit is for a breach of contract between the libelant and the said Potter Company and does not allege a breach of any contract with the steamship nor any cause of action against her and that the alleged cause of action does not constitute a maritime lien against the steamship.

A hearing on these exceptions took place before Judge. Moscowitz, who overruled the same with permission to claimant to answer. No opinion was apparently rendered.

The claimant thereupon duly answered and petitioned in the Potter Company as aforesaid.

The case came on for trial on an agreed statement of facts. No other proof was offered. The only facts that therefore can be found by the court and on which its decision can rest are those found in this stipulation.

The controversy arises over the question of certain port charges and harbor dues assessed on the ship at the port of Batoum, Russia, by the Batoum Port Authority.

Under certain circumstances port charges have been held to constitute a maritime lien against a vessel. The Aina (D. C.) 40 F. 269; The Emily Souder, 84 U. S. (17 Wall.) 666, 21 L. Ed. 683.

This suit is a suit in rem. It is not on contract and should be distinguished from such cases as, The Christianssand Shipping Co. v. Marshall (C. C. A.) 31 F.(2d) 686, The Skomvaer (C. C. A.) 297 F. 746, and Wilkens v. Trafikaktiebolaget (C. C. A.) 10 F.(2d) 129, and many similar cases.

In their arguments and briefs counsel for libelant and for the Potter Company argue that the ship was libeled for these port charges and harbor dues, that a maritime lien exists, and that the prior decision of this court overruling the exceptions of claimant disposed of any contention that the libel did not show a maritime lien in favor of libelant.

Counsel for claimant, however, insists that the court is confined, for its decision, within the limits of the stipulated facts. That these facts do not show the right of libelant to have a maritime lien or to have any cause of action against the ship.

In a sense both of these contentions are correct.

All that was before the court on the motion· was whether the libel, on its face, sufficiently set forth a cause of action, requiring an answer and a trial? It was not a determination of the merits of the controversy. It was in the nature of a demurrer. The City of Atlanta (D. C.) 17 F.(2d) 311–314.

The allegations of the libel differ materially from the facts now stipulated.

By its libel libelant alleged, among other things, that libelant, by agreement with the Potter Company, charterer of the Tenbergen, for due consideration, became possessed of the right to the cargo space on the vessel, and delivered cargo to the vessel which was carried to Batoum, Russia. That upon arrival the said steamer refused to pay the port charges and harbor dues assessed against the steamer by the Russian government. That said charges and dues were proper charges and should have been paid by the steamer. That libelant demanded that the steamer pay same and the steamer refused. That it thereupon became necessary for libelant to pay same for the reason that delivery of the cargo so shipped by libelant could not be made until said charges had been so paid and therefore libelant did pay, under protest, these charges.

There was no answer at that time before the learned judge hearing the exceptions.

It has been said that: "The great weight of authority establishes the rule that one who advances money to discharge liens gets a lien of equal dignity with the one discharged." In re Minnie and Emma (D. C.) 21 F.(2d) 991, 992.

This was not such a libel as in The Dixie (C. C. A.) 249 F. 46.

On the trial, however, the stipulated facts indicate a very different state of affairs from that alleged in this libel of libelant's.

Among other things, it is conceded that these port charges and dues were paid by others than libelant without any demand on the master or owners of the steamship. That no protest of any kind was made to the master or owner of the steamer as to the latter not paying same. That on the contrary Derutra (Odessa), acting for and representing the libelant, the Potter Company, and claimant, "paid all port charges and harbor dues, collecting from the consignees the port charges and harbor dues." That at a port subsequent to Batoum, inward harbor dues was likewise paid by the consignee and at another port subsequent to Batoum, outward harbor dues had been paid by the consignee. That about a year afterwards the consignees protested to libelant as to the payment by them of port charges and harbor dues at Batoum. That thereupon libelant, voluntarily, reimbursed these consignees and now seeks to impose a maritime lien on the ship for this voluntary payment.

Neither Derutra nor any consignee is a party to this suit.

The libelant is, in the contractual sense, a stranger to the transaction, although so far as this suit in rem is concerned this is not important. It had no contract with the owners of the vessel. The claimant had chartered it to the Potter Company under a Derutra Form of Charter No. 200. (A photostatic and true copy thereof being that annexed to claimant's answer.) Libelant had subchartered from the Potter Company the cargo space of the steamship.

The burden of proof here rests upon libelant to prove, by a preponderance of evidence, in fair accordance with the allegations of its libel, that the ship was solely liable for these port charges and harbor dues and refused and neglected to pay same, and that thereupon libelant paid same relying solely on the credit and security of the ship, and is therefore entitled to a maritime lien against the ship.

"The maritime 'privilege' or lien is adopted from the civil law, and imports a tacit hypothecation of the subject of it. * * * It is therefore 'stricti juris,' and cannot be extended by construction, analogy, or inference." Vandewater v. Mills, 60 U. S. (19 How.) 82, 89, 15 L. Ed. 554; The Poznan (C. C. A.) 9 F.(2d) 838–842.

However, "it is not necessary to the existence of the hypothecation that there should be in terms any express pledge of the vessel, or any stipulation that the credit shall be given on her account. The presumption arises that such is the fact from the necessities of the vessel, *and the position of the parties considered with reference to the motives which generally govern the conduct of individuals*. Moneys are not usually loaned to strangers, residents of distant and foreign countries, without security, and it would be a violent presumption to suppose that any such course was adopted when ample security in the vessel was lying before the parties. The presumption, therefore, that advances in such cases are made upon the credit of the vessel is not repelled by any loose and uncertain testimony as to the suppositions or understandings of one of the parties. *It can be repelled only by clear and satisfactory proof that the master was in possession of funds applicable to the expenses, or of a credit of his own or of the owners of his vessel,* upon which funds could be raised by the exercise of reasonable diligence, and that the possession of such funds or credit was known to the party making the advances, *or could readily have been ascertained by proper inquiry.*" The Emily Souder, 84 U. S. (17 Wall.) 666, 671, 21 L. Ed. 683. (Italics mine.)

Where the evidence is conflicting as to whether libelant relied on the credit of claimant or upon the vessel, the court has left this presumption to rule. The Minnie and Emma (D. C.) 21 F.(2d) 991, 992.

On the other hand, it has been said: "If the credit was solely on the security of the vessel, it is hardly possible she would have been allowed to depart without settlement or that bills for her account would be paid after she was gone, especially when there was no probability of her return." The Owego (D. C.) 292 F. 403, 408.

Bearing in mind that this is a suit in rem and that I am confined to the stipulated facts and any fair and reasonable inference that can be drawn therefrom, it is my opinion that libelant cannot here rely upon an alleged presumption that its subsequent payment to the consignees was solely made upon the credit of the steamer and its becoming security. There is no proof that the payment by Derutra or the consignees was made on such credit. All the stipulated facts clearly rebut any such presumption.

Libelant does not prove or claim any contractual relations between it and the steamship. It has entirely failed to show, as alleged in its libel, that the delivery of its cargo was in any way interfered with. It has failed to show any request or demand or protest of or to the master or owners of the steamship. On the contrary, it is conceded none was made. Its payment to the consignees of certain money a year after the payment by them was a purely voluntary act on its part. As has been said, it is hardly conceivable that if the ship had been considered liable for these charges and her credit solely relied upon that some request or demand would not have been made either upon or by Derutra the agent for all the parties or the master or the owner of the ship.

The very elements mentioned by the Supreme Court as possibly rebutting the presumption that is usually present appear in the stipulated facts.

In my opinion from the conduct of the parties and the other facts the inference is irresistible that all concerned never considered at the time that the payment of these charges was being made on the credit of the ship, but that they were made according to a then construction of a contract which they now want to correct, and that they were then considered merely proper charges incidental to the cargo and constituting an exception

mentioned in clause No. 1 of the Derutra charter.

Counsel for libelant asserts that Derutra was a special agent and had a maritime lien against the vessel for its payment of the money, but there is no such claim indicated here in any way as having been made by it. And further that the consignees having repaid Derutra became subrogated to this lien. However, there is no proof that the consignees repaid Derutra relying on any such credit of the ship or ever thought of having a lien thereon.

It is therefore now urged that when, a year later, libelant voluntarily repaid the consignees or Derutra, neither of whom apparently had ever claimed any lien upon the ship; that thereupon libelant advanced this money solely on the credit of the ship and is entitled to a maritime lien.

I cannot agree with this contention on the facts before me.

Counsel for the Potter Company contends correctly that this is not a suit on contract, which might involve their client, as the charterer, but that it is solely in rem, based on an alleged maritime lien.

A claimant in a suit against the ship cannot defend by showing that a suit might or might not have been brought against the charterer. The Capitaine Faure (C. C. A.) 10 F.(2d) 950.

A suit should be confined to the subject of the libel and not extended to bring in matters not connected with the original controversy. McCaldin Bros. Co. v. Donald S. S. Co. (D. C.) 169 F. 992.

This is a suit in rem. It is not claimed in the libel that there was a breach of contract of any kind. The petition bringing in the Potter Company should be dismissed.

I see no reason to consider whether or not libelant had a lien arising from equitable considerations. See The Poznan (C. C. A.) 9 F.(2d) 838.

Efforts to add to stipulated facts by reference in briefs only indicate the undesirability of attempting to decide cases on stipulation.

Finding as I do that libelant has failed to sustain the burden of proof required to show the existence of a lien against the vessel, whatever the contractual rights and liabilities of the parties may have been, I dismiss the libel.

Libel and petition dismissed with costs.